**Genet McCann**
**AVALON LAW, LLC**
**PO BOX 160492**
**Big Sky, MT  59617**
Avalonlaw@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## HELENA DIVISION

**GENET MCCANN**

      **Plaintiff,**

v.

**The COMMISSION ON PRACTICE of
the Supreme Court of the State of
Montana;** Ward Taleff, in his official
capacity as Chairman of the Commission On
Practice; Tracy Axelberg, in his official
capacity as Vice Chairman of the
Commission On Practice;

**OFFICE OF THE STATE
DISCIPLINARY COUNSEL,** Michael
Cotter Chief Disciplinary Counsel, in his
official capacity;

      **Defendants/Respondents.**

Case No. _____

**VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF**

**Underlying ODC Case No. 15-078/PR 16-0635**

## PRELIMINARY STATEMENT

1.  Defendants have been apprised on my intent to file for TRO and

    Preliminary Injunction since, at least, January 5, 2018.  On March 9, 2018,

Plaintiff filed in ODC 17-110, a Motion to Stay the March 23rd, 2018 Proceedings therein.  The motion was summarily denied.

## STATEMENT OF FACTS

1.  I, Plaintiff Genet McCann, daughter of Anne Marie McCann, challenged, on appeal, the guardianship orders that deprived my mother, Anne Marie McCann of her federal constitutional rights, to the private attorney she retained, among other constitutional violations.

2.  Anne Marie appeared through her retain private counsel.  Because one of the petitioners adverse to Anne Marie's interests alleged undue influence, the Court ordered the attorney off of the case without notice or hearing, and, pursuant to §72-5-315(2) appointed the State Public Defenders Officer to assign an attorney to represent her.

3.  Because Anne Marie is a multi-millionaire several times over, she does not qualify for public defender, and a public defender was never assigned to represent her.  Anne Marie was unrepresented throughout the guardianship and conservatorship proceedings. The State Office of Public Defenders substituted his judgment to nominate his choices that aligned with Anne Marie's adversaries..

4.  After I exposed the fraudulent take over that Doug Wold and the defense attorney, Mark Parker, among others, embarked upon, they filed an informal complaint against me with the Office of Disciplinary Counsel which became the 7

charges addressed in this complaint.

5.  Anne Marie McCann has denied any possibility in having an attorney. The district court outright denied her the private attorney she retained at the onset of the proceedings, simply because those who did not want her to have representation alleged that she was being *unduly influenced*. (**Exhibit**: Tr. 1.24.2017, pp.)

6.  The district court appointed the State Office of Public Defender (OPD), pursuant to §72-5-315, MCA, to assign her a public defender. (**Exhibit**: Opening Br., In re A.M.M., I) However, the managing attorney for OPD, Steve Eschenbacher never appointed her a public defender.  Anne Marie McCann did not qualify for public defender's service since qualify since her estate in approximately $49 million dollars. (**Exhibit**: Wold's email/letter)  The district court knew this as he made a comment to this extent.

7.  Steve Eschenbacher never represented Anne Marie. (**Exhibit**:  Email string with Nick A.)  Mr. Eschenbacher stated on the record he would only act if there is an emergency.  (**Exhibit**: Opening Br., In re A.M.M., I)

8. Casey Emerson, who was court-appointed visitor/investigator did not speak with Mr. Eschenbacher.  (Exhibit: Opening Br., In re A.M.M., I)

9.  Timothy McCann, who was de facto guardian and lived with my mother at the time, stated that Mr. Eschenbacher never spoke with Anne Marie or himself.

10.  Mr. Eschenbacher substituted judgment over my mother's interests.

11. At the close of evidence, he nominates Mr. Eschenbacher nominates Casey Emerson, Paul, Jr.'s attorney. (**Exhibit**: Opening Br., In re A.M.M., I)

12. Mr. Eschenbacher stated to me that the client records of Anne Marie are at the Office of Public Defenders, but the Office of Public Defenders state that they have no records of Anne Marie McCann as a client. (**Exhibit:** Emails Echenbacher and Nick A.)

13. At this point, I have every reason to believe that Mr. Eschenbacher will not appear at the hearing as my witness, because he does not want the truth that he never represented my mother to be exposed.

14. I have made it ultra-convenient for Mr. Eschenbacher to appear. He does not have to drive from Polson to Helena to appear. I made arrangements for him to appear via the state-wide Judicial VisionNet Network. (**Exhibit:** Hearing Subpoena – Steve Eschenbacher) Yet, he refuses to appear and testify.

15. Pursuant to §26-1-602 (5), MCA, it is presumed that "[e]vidence willfully suppressed would be adverse if produce."

16. Even though Anne Marie is a multimillionaire and certainly can afford to retain private counsel, the co-conservators who have been granted by court order, the authority to make the determination to retain an attorney for her, Doug Wold and the other co-conservator have refused. Doug Wold claims that he is sufficient to represent her interests.

17. I was initially charged with six alleged violations in ODC 15-078. It has

mushroomed into seven additional charges under ODC 17-110, plus a contempt proceeding, and an additional informal charge by the Vice Chair of the Commission in this proceeding for impugning his integrity.

18.  Plaintiff Genet McCann has suffered threatened personal injury of punishment, that includes possible immediate and irreparable harm to her good standing and reputation, including sanctions, suspension or disbarment, for engaging in the representation of her mother.

19.  In the American Jurisprudence, an attorney should not have to suffer the threat of disbarment for representing her client--who has long-suffered the deprivation of her fundamental right to personal autonomy and privacy in her family life, without the aid of counsel, without the opportunity to be heard.  It is a gross miscarriage of justice.

Therefore, Plaintiff McCann is entitled to immediate declaratory and injunctive relief from this Court.

## JURISDICTION AND VENUE

20.  This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 1983 (civil rights), and the First and Fourteenth Amendments to the United States Constitution.

21.  The Court has authority to grant the requested relief pursuant to 28 U.S.C. §§ 2201, 2202, et seq. (declaratory and injunctive relief); 28 U.S.C. §1346;

22. Venue for this action properly lies in the Helena Division of the District

of Montana because Defendant Michael W. Cotter, in his official capacity, works in Helena, and is believed to reside within Helena Division.

## PARTIES

23.  Plaintiff Genet McCann resides in Gallatin County in the State of Montana.

24.  Defendant Commission On Practice is located in Lewis & Clark County in the State of Montana.

25.  Defendant Chairman Taleff, in his official capacity is located in Lew & Clark County, in the State of Montana.

26. Defendant Vice Chairman Tracy Axelberg, in his official capacity is located in Lew & Clark County, in the State of Montana.

27. Defendant Michael W. Cotter is Chief Disciplinary Counsel for Montana's Office of Disciplinary Counsel.  Plaintiff McCann is informed, believes, and therefore alleges that Defendant Michael W. Cotter resides in Lewis & Clark County in the State of Montana.  Plaintiff is suing Defendant Michael W. Cotter in his official capacity only.

### Facts in Suppport of Third Party Standing

28. I, the plaintiff am injured by the denial of my mother's right to counsel, right to private counsel of her choice, and the right to a meaningful opportunity to be heard. The denial resulted in a guardianship and conservatorship that has interfered with my 14th Amendment fundamental right to privacy in my familial

relationship with her mother.

29. The Guardian who has custody of my mother relocated my mother to California against her will.

30. The Guardian also imposed an unlawful injunction against me that makes it impossible for me to have a relationship with my mother.

31. The appointed co-Conservator, Doug Wold, deprived me of my beneficial interest in my mother's estate. Within the first six and half months of Doug Wold's appointment he depleted my mother's estate by, $166, 338.55 in fees. (**Exhibit**: Wold's fees)

32. Doug Wold charged my mother for the unlawful personal use of her money to launch the felonious take-over of 15-20 corporations that I have ownership interests in, to hire himself as attorney for these 15-20 corporations, in conflict with his duties to my mother, who I possess testamentary interest to her last will and testament, that Doug Wold refused to acknowledge. (**Exhibit:** Opening Br., In re A.M.M., II)

33. Doug Wold used my mothere's majority voting power to vote her and her chosen directors out of all positions in the corporations and replace them all with the other co-conservator, who hired Doug Wold, as counsel for the 15-20 Corporations.

34. Because I have petition as party-litigant for justice and relief for these immoral, illegal and fraudulent acts against my mother and myself, that is tainted

fruit of my mother's constitutionally infirmed guardianship/conservatorship proceedings, ODC is prosecuting me for allegedly filing frivolous motions and making false statements that are prejudicial to the administration of justice, instead of prosecuting criminal conduct.  (**Exhibit:**  ODC's formal Complaint)

35. Because I am facing sanctions, including public censure, suspension, fees and costs and possible disbarment as a at the March 23rd, 2018 hearing, for exercising my First Amendment right to litigation speech as a party litigant in my mother's case, I am injured by the federal constitutional violations to my mother.

**Facts in Support of Prudential Rules**

36. Anne Marie McCann has been denied any possibility in having an attorney.  Even though she is a multimillionaire and certainly can afford to have one, even though a court has never determined that she is legally incompetent --per 72-5-306, MCA, incapacity is not a determination of legal incompetency-- the co-Conservators refuse to retain an attorney for her.  (**Exhibit**: Wold's email) Doug Wold claims that he is sufficient.  (Id.)  The Order appointing the co-Conservators forfeited Anne Marie's civil right to retain counsel to the discretion of the co-Conservators.  (**Exhibit** 3.14.2014 Order)

## CAUSE OF ACTION

**COUNT I:  Guardianship procedure statute 72-5-315(2) is unconstitutional on its face and as applied in violation of an individual's 1st and 14th Amendment fundamental right to retain private counsel and be heard through counsel.**

37.  All previous paragraphs are incorporated by this reference.

38.  The First and Fourteenth Amendment guarantees that an individual has a fundamental constitutional right to retain private counsel and to be heard through counsel. The right to a hearing always included the right to the aid of counsel when desired and provided by the party asserting the right. ***Powell v. State of Alabama***, 287 U.S. 45, 68-69, 53 S.Ct. 55, 64, 77 L.Ed. 158; Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4 (1954) (Regardless of whether petitioner would have been entitled to the appointment of counsel, his constitutional right to be heard through his own counsel was *unqualified.).*

39. In pertinent part, Montana Code Anno. §72-5-315(2), states: "Upon filing of a petition [by anyone interested in welfare of the allegedly incapacitated person, ... [t]he allegedly incapacitated person may have counsel of the person's own choice *or the court may,* **in the interest of justice, appoint an appropriate official** ... **to represent the person in the proceeding."** §72-5-315(2), MCA (Emphasis added).

40.  Section 72-5-315(2), is unconstitutionally overbroad, on its face and as

applied, since it grants the district Court unbridled discretion to arbitrarily presume legal incompetency, based upon mere allegations, and deprive an individual, of their fundamental constitutional right, under the First and Fourteenth Amendments, to be heard through counsel and counsel of their own choice, without a showing of a compelling state interest that is narrowly tailored.

41. "Individual autonomy" regarding personal choice in marriage, family, family living arrangements, and other related choices, has been plainly declared a fundamental right under the substantive component to due process clause of the Fourteenth Amendment. Obergefell v. Hodges,  135 S.Ct. 2584, 2598 (2015)( "A first premise of the Court's relevant precedents is that the right to personal choice regarding marriage is inherent in the concept of individual autonomy.

42.  When a fundamental constitutional right is at stake, "the statute must be narrowly and precisely drawn to further a 'compelling state interest' must be shown in support of the limitation."  Doe v. Bolton 8212 40, 410 U.S. 179, 211-213.

43. Section §72-5-315(2) is particularly invidious as applied here, since it granted the power of substituted judgment.

44.  As a result, A.M.M. was denied her opportunity to be heard through counsel and of her own choice, without notice, before a guardianship and conservatorship proceedings that deprived her of fundamental personal liberties and privacy in her family.

45.  Section 72-5-315(2) overbroad grant of discretion, to the court, to appoint an official in lieu of legal representation, that has the power to substitute their officiated judgment, over the voice of the individual, is unconstitutional deprivation of the opportunity to be heard with the aid of counsel and the aid of counsel of one's own choice, in violation of the Fourteenth Amendment to the United States Constitution.

46.  Because §72-5-315(2) impermissibly denied A.M.M. the opportunity to be heard through the aid of counsel and through the aid of counsel of her own choice, the statute should be struck down as unconstitutional.

47.  As a result, Anne Marie was denied the opportunity to be heard through the aid of one's own counsel, and denied First Amendment right to seek the redress of the gross miscarriage of justice—exiled to California and estranged and enjoined from her choice in family relationships.

48.  §72-5-315(2), MCA, on its face and as applied, is void for vagueness, since it permitted the Court to arbitrarily violate an individual's right to aid of counsel guaranteed under the Fourteenth Amendment to the U.S. Constitution before fundamental constitutional rights to individual autonomy and privacy in family and marital file were taken.  Powell v. State of Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.")

49.   If the government "presumes facts" against a person, so that she is not qualified for some important benefit or right, the irrebuttable presumption may be unconstitutional.  The Court is creating an arbitrary classification.  *See Cleveland Board of Education v. LaFleur,* 414 U.S. 632 (1974)  If the presumption affects a fundamental right or a suspect or quasi-suspect classification, it will likely be invalid under strict scrutiny or intermediate scrutiny analysis.

50.   Here, the guardianship statute creates an arbitrary classification in violation of the First and Fourteenth Amendments to the U.S. Constitution since it permits the Court to presume, that an alleged incapacitated person is incompetent to retain counsel of their own choice, and, in its discretion, to appoint, a professional --to substitute their professional judgment in place of the individual's so that the individual is denied their First Amendment Right to a voice in a proceeding and their Fourteenth Amendment right to aid of counsel, without due process since these fundament rights are taken upon mere allegations and unstated presumptions, at the onset of a proceeding to permanently deprive the person their personal autonomy and right to their marital life.

51.   As a result, Anne Marie McCann, the alleged incapacitated person, was permanently deprived of her fundamental federal constitutional right to personal autonomy and her fundamental right to her close family relationship with her adult children, especially her devoted son who she trusts, by a mere preponderance of the evidence in violation of the Fourteenth Amendment.

**COUNT II:  Disqualification for Cause statute 3-1-805 is unconstitutional on its face and as applied in violation of an individual's 1st and 14th Amendment fundamental right to Petition for the Removal of Judge that is not neutral and fundamentally fair in the due process of the law.**

52. All previous paragraphs are incorporated by this reference.

53.  The procedure refers the affidavit to disqualify to the Montana Supreme Court. The Montana Supreme

54.  The Montana Supreme Court does not have subject matter jurisdiction to consider the issue since it is NOT a court of original jurisdiction for criminal and civil matters and cases at law and in equity, only district courts have such subject-matter jurisdiction.  (**Exhibit**: VII, §§2,4,  MONT CONST.)

55.  Since 3-1-805 (b), MCA, on its face, does not find an affidavit is made in good faith if it is *based soley on the ruling in the case,* it does not permit 14th Amendment federal recusal based upon pervasive bias claim under ***Likety v. United States***, 510 U.S. 540, 555 (1994) (bias and prejudice may be established by the rulings that occur in the course of the proceeding if the Court's actions display a deep-seated favoritism or unequivocal antagonism that would render fair judgment impossible.)

56.  Section 3-1-805, MCA is unconstitutional as applied since the commissioned 11- year study of the affidavits to disqualify under §3-1-805 demonstrate 100%

denial rate for disqualification under its procedure. (**Exhibit**: 11-year Survey of §3-1-805.)

57.  Therefore, §3-1-805, MCA is not a procedure that ensures First Amendment Right for the redress of grievances associated with 14th Amendment's fundamental right to a neutral magistrate.  Rather, it has served to patently block First and Fourteenth Amendment rights.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff Genet McCann requests the following relief from this Court:

a)  Jury Trial for Preliminary Injunction Hearing;

b)  Or, in the alternative, a Three Judge Panel under 28 U.S.C. § 2284:

c)  Declare that Section 72-5-315, Mont. Code Anno. is unconstitutional;

d)  Declare the Guardianship Orders Void; and

f) Grant such other relief to which Plaintiff McCann may be entitled, or as this Court deems necessary and proper.

DATED this 22nd day of March, 2018.

_____/s/ Genet McCann_____
Genet McCann

## VERIFICATION BY GENET MCCANN

I, Genet McCann, declare as follows:

    1.  I am the Plaintiff in the above-entitled matter.

    2.  I have drafted the attached Complaint and declare that the facts contained therein are true, except insofar as they are stated to be on information, and that, insofar as they are stated to be on information, I believe them to be true.

Executed on March 22, 2018.

_____

Genet McCann, Declarant

## CERTIFICATE OF SERVICE

I hereby certify and affirm that on this Friday the 23rd day of March 2018, , I served a true and correct copy of my above-and-foregoing personal service and by electronic mail delivery, upon the following:

Ward "Mick" Taleff, Chairperson
Commission on Practice of the Supreme Court of the State of Montana
Ward@talefflaw.com; Karen@talefflaw.com

Tracy Axelberg, Vice Chairman
Commission On Practice
Tracy@axelbergmediation.com

Shelly Smith
Commission on Practice
P.O. Box 203002
shellysmith@mt.gov

Michael W. Cotter (Attorney)
P.O. Box 1099
Helena, Montana 59624
mwcotter@montanaodc.org

By: /S/ Genet McCann
Genet McCann, Esq.