

FILED

APR 16 2018

Clerk, U S District Court
District Of Montana
Helena

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

|  |  |
|---|---|
| GENET McCANN, | |
| Plaintiff, | No. CV 18-42-H-SEH |
| vs. | **ORDER** |
| The Supreme Court of the State of Montana, Chief Justice Mike McGrath in his official capacity as Chief Justice of the Montana Supreme Court; the Commission on Practice of the Supreme Court of the State of Montana, Ward Taleff, in his official capacity as Chairman of the Commission on Practice, and Tracy Axelberg in his official capacity as Vice Chairman of the Commission on Practice; Office of the State Disciplinary Counsel, Michael Cotter Chief Disciplinary Counsel, in his official capacity, | |
| Defendants. | |

Before the Court is Plaintiff Genet McCann's ("McCann") Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3). This motion is without a response and currently pending. On April 12, 2018, McCann filed a Verified Amended Complaint for Declaratory and Injunctive Relief. (Doc. 7.) Because the Amended Complaint alleges "Temporary Restraining Order" under Count III and includes a Prayer for Relief for a "TEMPORARY RESTRAINING ORDER without (or, in the alternative, with) NOTICE" (Doc. 7 at 71), the Court construes Count III of the Amended Complaint as a motion for temporary restraining order. (See Doc. 7 at 54–55.) For the reasons explained below, the Court denies both motions.

A temporary restraining order "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Under Federal Rule of Civil Procedure 65(b)(1):

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. Rule Civ. P. 65(b)(1).

Thus, in order to secure a preliminary injunction, McCann must establish

that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable

harm without preliminary relief; (3) the balance of equities tips in her favor; and

(4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council,*

*Inc.*, 555 U.S. 7, 20 (2008).

First, the Court finds that McCann's initial Motion for Temporary

Restraining Order and Preliminary Injunction filed on March 23, 2018 (Doc. 3) is

moot. McCann sought to enjoin the Commission on Practice ("COP") from

holding a hearing on Friday, March 23, 2018, relating to the violations against her.

(Doc. 3 at 2.) That hearing date has passed. Thus, there is no longer any

irreparable harm that could occur at this time. Consequently, the motion is denied

as moot.

As indicated above, the Verified Amended Complaint also includes a

request for a temporary restraining order. Contrary to McCann's proposition that

the Commission on Practice's recommendation is set to be decided by the

Montana Supreme Court on April 25, 2018 or April 28, 2018 (Doc. 7 at 46), the

Court takes judicial notice that no such hearing is scheduled before the Montana

Supreme Court. Federal courts "may take notice of proceedings in other courts,

both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); F. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). On March 29, 2018, the Commission filed its Conclusions of Law and Recommendations, and on April 12, 2018, McCann filed a Motion to Stay Proceedings in the pending Montana Supreme Court case. *In the Matter of Genet McCann*, No. PR 16-0635/15-078 (Mont. April 12, 2018). Further, McCann has 30 days to file an objection to the COP's Recommendation. *See* Montana Rules of Lawyer Disciplinary Enforcement, Rule 16. Thus, the Montana Supreme Court does not have a hearing scheduled, nor is it likely to set a hearing or make a final decision regarding the COP's Recommendation until the matter is fully briefed and the motion to stay is ruled upon.

Because temporary restraining orders are "disfavored," the party seeking the order is required to satisfy "*all* the requirements" of Rule 65(b). Baicker-Mckee et al., Federal Civil Rules Handbook, 1281 (Thomson Reuters 2015) (emphasis in original). Here, due to the ongoing nature of the underlying Montana Supreme

Court case and no immediate pending hearing scheduled on the Court's calendar, McCann's motion fails to adequately establish that immediate and irreparable injury, loss, or damage will result at this time. Fed. R. Civ. P. 65(b)(1)(A). Therefore, the temporary restraining order pursuant to Count III of the Amended Complaint is denied.

Finally, the Court notes that according to the Original Complaint's Certificate of Service, McCann properly served Defendants The Commission on Practice of the Supreme Court of the State of Montana and Office of the State Disciplinary Counsel (Doc. 1 at 16), but it does not appear that McCann has served her Amended Complaint on the newly added Defendant The Supreme Court of the State of Montana. Pursuant to Federal Rule of Civil Procedure 4 and Local Rule 4, McCann is required to serve The Supreme Court of the State of Montana and file proof of service.

Accordingly, IT IS ORDERED that:

1.     McCann's Motion for Temporary Restraining Order and Preliminary Injunction filed on March 23, 2018 (Doc. 3) is DENIED as moot.

2.     The Temporary Restraining Order requested in McCann's Verified Amended Complaint for Declaratory and Injunctive Relief (Doc. 7) is DENIED.

3.     Plaintiff McCann shall serve her Amended Complaint on all

Defendants.

DATED this <u>16th</u> day of April, 2018.

SAM E. HADDON
United States District Judge